DENO, Respondent, vs. HERSH, Appellant.

*October 8—October 27, 1914.*

*Sales: Rescission: Mutual agreement.*

After the vendee of a stock of goods in the vendor's store had
been put in possession thereof and a bill of sale had been de-
livered to him, some question arose as to claims against the
property and he demanded from the vendor security against
such claims and that payment of a part of the purchase money
be withheld. The vendor thereupon declared the deal off,
seized the bill of sale, and, having surreptitiously obtained

possession of the key to the store, nailed up the doors and excluded plaintiff therefrom. The vendee accepted the situation and demanded a return of what he had paid. Afterwards the vendor offered to turn the property over to the vendee and give security against outstanding claims, but such offer was refused. *Held,* that the vendor's conduct constituted a rescission of the sale and, the vendee having acquiesced therein, the contract was at an end by mutual agreement.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover $50 paid by plaintiff to defendant to apply on a contract for purchase of a stock of goods. The contract, as claimed, had been rescinded. Judgment was rendered for plaintiff.

May 20, 1912, a contract was verbally made for the sale by defendant to plaintiff of a stock of merchandise, in the former's store in Kaukauna, Wisconsin. Fifty dollars were then paid thereon and the keys to the store were delivered to plaintiff who then locked the door and retained such keys, giving one to a person whom he purposed employing as clerk. It was agreed that the parties should meet the next day and the balance of the purchase money be then paid. They met, accordingly, at the Farmers & Merchants Bank in Kaukauna, where plaintiff had arranged to procure the money, subject to his order. Some misunderstanding then arose as to part of the property. Thereupon a formal bill of sale was drawn covering the transaction, and delivered to plaintiff. Then some question arose as to whether there were outstanding claims against the property contrary to defendant's assurance that no such claims existed. Thereupon plaintiff demanded security as to there being any such claims and that $375 of the purchase money should be held back to await an investigation. Defendant thereupon became angry, declared the deal off, seized the paper which he had delivered as aforesaid, and determined upon repossessing himself of the property. Plaintiff then demanded a return of the down pay-

ment which was refused. Defendant then went to plaintiff's place of business and, by misrepresentations, obtained possession of the key which had been delivered to the latter's prospective employee, and thereafter nailed up the front and rear doors of the store and placed new hinges and locks on such doors so as to prevent plaintiff from entering without forcibly breaking in. Plaintiff continuously took defendant at his word as to the deal being off, and insisted upon a return of the $50 and defendant remained in possession of the goods. He offered, however, to turn the property over to plaintiff and give security against there being outstanding claims thereon. Upon plaintiff refusing such offer and insisting that the trade had been canceled, defendant proceeded to sell the goods, pretending to treat the property as belonging to plaintiff. He obtained therefor $633.92, less than the sum plaintiff agreed to give. A counterclaim was interposed for this amount.

The court decided that the words and acts of defendant constituted, clearly, a rescission of the sale agreement, and that such rescission was accepted by plaintiff before it was, in any way, withdrawn, rendering him entitled, as matter of law, to recover back the $50 and have the counterclaim dismissed. A verdict was directed accordingly and judgment was rendered thereon.

*Michael Levin,* for the appellant.

For the respondent there was a brief by *James D. Foley,* attorney, and *Francis W. Grogan,* of counsel, and oral argument by *Mr. Foley.*

MARSHALL, J. The foregoing contains, it is thought, a fair statement of the facts disclosed by the evidence. It is difficult to see how any different conclusion could have been arrived at than the one complained of. When the defendant declared the contract of sale rescinded and took back the papers, and respondent accepted the situation by demanding

back his money, that substantially ended the sale contract by mutual agreement. That was confirmed by appellant's surreptitiously obtaining possession of one of the keys, taking possession of the store and excluding respondent therefrom, the latter acquiescing therein by making no demand except for a return of the $50.

*By the Court.*—The judgment is affirmed.